UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:22-cv-228

| | |
|---|---|
| GARY BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BONES JONES BRANDS, LLC, )<br>)<br>Defendant. )<br>)<br>) | COMPLAINT |

Plaintiff, Gary Brown ("Plaintiff" or "Brown"), through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, against Defendant Bones Jones Brands, LLC ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, for Defendant's failure to pay Plaintiff overtime wages.

2. Plaintiff's NCWHA claim arises from Defendant's willful failure to timely pay Plaintiff all earned wages on the next regular payday following the termination of his employment.

## THE PARTIES

3. Brown is an adult individual who is a resident of Morganton, North Carolina.

4. Defendant is a limited liability company formed under the laws of North Carolina with its principal place of business located at 1615 Larry Davis Rd, Lawndale, North Carolina 28090.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

6. This Court has personal jurisdiction because Defendant conducts business in Cleveland County, North Carolina, which is within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged occurred in Cleveland County, North Carolina.

8. Plaintiff's NCWHA claim is based on the law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of facts giving rise to Plaintiff's FLSA claim.

9. The alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all relevant times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by FLSA, 29 U.S.C. § 206.

15. Defendant is any employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2.(5).

16. Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. Defendant owns and operates a restaurant in Morganton, North Carolina called Bones Jones Burgers and Butchery.

18. Defendant employed Brown at Bones Jones Burgers and Butchery from about February 1, 2022 until April 29, 2022 as a bartender.

19. Defendant regularly required Brown to work hours in excess of forty (40) hours in a workweek, thus triggering the overtime requirements of the FLSA. The overtime hours worked by Brown are documented on the paystubs Defendant provided to Plaintiff. Defendant did not calculate overtime in compliance with the FLSA, and therefore, failed to pay overtime at the rate required by the FLSA.

20. Defendant's former General Manager, Gail Sizemore ("Sizemore"), established Brown's schedule. Sizemore scheduled Brown to work Tuesday through Sunday. On Tuesday,

Wednesday, Thursday, and Sunday, Brown worked from 11:00 a.m. until 8:00 p.m. On Friday and Saturday, Brown worked from 11:00 a.m. until 12:00 a.m.

21. Defendant paid Brown an hourly rate of ten dollars ($10.00) per hour.

22. Defendant required Brown to clock-in and clock-out for each shift and Defendant accurately tracked the hours Brown worked. Defendant submitted forty (40) hours to its payroll department to calculate taxes and other legal deductions to pay Brown. Defendant then issued a check to Brown representing his straight time hours less legal deductions. Defendant issued Brown a separate check for all overtime hours at Brown's straight time rate of ten dollars ($10) per hour. However, Defendant issued Brown's overtime check free and clear of taxes and other legal deductions.

23. Brown resigned from his employment on April 29, 2022.

24. Defendant willfully failed to pay Brown his final paycheck following his resignation.

**FIRST CAUSE OF ACTION**
**(Violation of FLSA – Failure to pay overtime wages)**

25. Plaintiff incorporates by reference paragraphs 1-24 of his Complaint.

26. Defendant violated the FLSA by failing to pay all overtime wages earned by Plaintiff.

27. Defendant's violation of the FLSA was willful.

**SECOND CAUSE OF ACTION**
**(Violation of NCWHA – Failure to pay wages at separation)**

28. Plaintiff incorporates by reference paragraphs 1 through 27 of his Complaint.

29. Defendant violated N.C. Gen. Stat. § 95-25.7 by failing to pay Plaintiff his earned wages on the next regular payday following the termination of his employment.

30. Defendant's violation of the NCWHA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

a) An Order under Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to the NCWHA finding Defendant liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Dated: Tuesday, October 25, 2022.

Respectfully submitted,

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
E-Mail: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*