IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00228-MR-WCM

| | |
|---|---|
| GARY BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BONES JONES BRANDS, LLC, ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Entry of Default Judgment [Doc. 8].

**I.   BACKGROUND**

On October 25, 2022, Plaintiff Gary Brown ("Plaintiff") brought this action asserting claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 et seq., against Bones Jones Brands, LLC ("Defendant"). [Doc. 1]. Plaintiff was employed by Defendant as a bartender from approximately February 1, 2022, until April 29, 2022. [Doc. 1 at 3]. During this period, Plaintiff alleges that he worked overtime hours weekly but was never paid more than his normal hourly rate of $10 per

hour.  [Id.]  Additionally, Plaintiff contends that Defendant failed to pay him for the hours he worked during his final pay-period after he resigned his employment on April 29, 2022.  [Id.]

Defendant was served on December 2, 2022, and Plaintiff filed an affidavit of service with the Court on December 8, 2022.  [Doc. 4].  On January 20, 2023, Plaintiff moved for Entry of Default against Defendant for failing to plead or otherwise defend this action.  [Doc. 5].  On January 25, 2023, the Clerk entered a default against Defendant.  [Doc. 6].  On April 17, 2023, the Court entered an Order instructing the Plaintiff to file an appropriate motion or otherwise take further action with respect to Defendant.  [Doc. 7].  On May 1, 2023, Plaintiff filed a Motion for Entry of Default Judgment.  [Doc. 8].

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Once a defendant has defaulted, the plaintiff may then seek a default judgment.  If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R. Civ.

P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant, however, "is not held . . . to admit conclusions of law." Ryan, 253 F.3d at 780 (quoting Nishimatsu, 515 F.2d at 1206). The Court, therefore, must determine whether the facts as alleged state a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

"If the court finds that liability is established, it must then turn to the determination of damages." See Ryan, 253 F.3d at 780–81. The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 422 (D. Md. 2005).

## III. DISCUSSION

### A. FLSA Claims for Unpaid Overtime

The FLSA plainly provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above

3

specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

Plaintiff claims he was not compensated at a rate of one and one-half times his regular rate for the weekly overtime hours he worked while in Defendant's employment, in violation of the FLSA. [Doc. 1 at 4]. Specifically, Plaintiff claims during his employment with Defendant that he worked each week from 11:00 a.m.–8:00 p.m. on Tuesday, Wednesday, Thursday, and Sunday, and 11:00 a.m.–12:00 a.m. on Friday and Saturday, meaning he worked fifty-eight hours per week. [Doc. 1 at 3–4]. While Plaintiff was paid for this time, he contends that eighteen hours per week should have been compensated as over-time hours, at a rate of $15 per hour, rather than the $10 he received from Defendant. Multiplying the eighteen weekly overtime hours by the twelve weeks Plaintiff worked for Defendant by the additional $5 per hour, Plaintiff claims he is entitled to an additional $1,080 in unpaid overtime wages. [Doc. 9 at 9]. Plaintiff further claims that he is entitled to liquidated damages in the same amount. [Id.]

As a result of Defendant's default, Plaintiff's allegations outlined above are taken as true and sufficiently state a claim for unpaid overtime under the FLSA. Indeed, it has been established that Plaintiff worked fifty-eight hours per week for a twelve-week period, entitling him to overtime pay for 216

4

Case 1:22-cv-00228-MR-WCM   Document 11   Filed 09/06/23   Page 4 of 20

hours. As Plaintiff admits having already been compensated for this time at a rate of $10 per hour, this Court has multiplied the 216 hours entitled to overtime compensation by the $5 per hour that remains unpaid and will award Plaintiff $1,080 in unpaid overtime wages.

Having established that Defendant is liable for the Plaintiff's unpaid overtime wages, the Court turns to the Plaintiff's claim for liquidated damages under the FLSA. The FLSA provides that an "employer who violates . . . this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Because the Plaintiff's allegations, taken as true due to Defendant's default, establish that Defendant violated the FLSA, an award of liquidated damages in the same amount is appropriate here. As such, Plaintiff shall recover $2,160 in total under the FLSA, consisting of $1,080 in unpaid overtime wages and an additional $1,080 in liquidated damages.

### B. NCWHA Claims for Unpaid Wages

Under the NCWHA "[e]mployees whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday . . . ." N.C. Gen. Stat. § 95-25.7. Under the NCWHA, wages include "compensation for labor or services rendered by an employee whether

determined on a time, task, piece, job, day, commission, or other basis of calculation . . . ." N.C. Gen. Stat. § 95-25.2.

Plaintiff claims he worked April 24, 2022, through April 29, 2022, before resigning his employment and that Defendant failed to compensate him for this work. [Doc. 1 at 4–5; Doc. 9 at 10]. Specifically, Plaintiff alleges that Defendant failed to compensate him for thirty-six hours that he worked during this period. [Doc. 9 at 10–11].

Because of Defendant's default the allegations above are taken as true and they are sufficient to establish a claim for unpaid wages under the NCWHA. As such, Plaintiff shall recover $10 per hour for the thirty-six hours he worked the week of April 24, 2022, which amounts to $360.

Having established that Defendant is liable for Plaintiff's unpaid wages, the Court turns to Plaintiff's claim for liquidated damages under the NCWHA. The statute provides that if an employer is found to be in violation and is made to pay unpaid wages, the "court shall award liquidated damages in an amount equal to the amount found to be due . . . ." N.C. Gen. Stat. § 95-25.22(a1). Because Plaintiff's allegations, taken as true due to Defendant's default, establish that Defendant violated the NCWHA, an award of liquidated damages in the same amount is appropriate here. As such,

6

Plaintiff shall recover $720 in total under the NCWHA, consisting of $360 in unpaid wages and an additional $360 in liquidated damages.

### C. Attorneys' Fees

Both the FLSA and the NCWHA entitle Plaintiff to recover his reasonable attorneys' fees. The FLSA provides that when a plaintiff prevails, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Similarly, the NCWHA provides that when a plaintiff prevails, the court "may, in addition to any judgment awarded plaintiff, order costs and fees of the action and reasonable attorneys' fees to be paid by the defendant." N.C. Gen. Stat. § 95-25.22. As such, Plaintiff is entitled to attorneys' fees here and the Court must determine whether the amount requested by Plaintiff is reasonable under the circumstances.

"The starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly rate." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). The burden is on the fee applicant to justify the reasonableness of the requested fee. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

In deciding whether the amount requested by a plaintiff is reasonable, this Court is guided by the following factors set forth by the Fourth Circuit:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

See Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). However, the factors "need not be strictly applied in every case inasmuch as all of the factors are not always applicable." Firehouse Rest. Grp., Inc., v. Scurmont, LLC, No. 4:09-cv-00618-RBH, 2011 WL 4943889, at *12 (D.S.C. Oct. 17, 2011) (citing E.E.O.C. v. Serv. News Co., 898 F.2d 958, 965 (4th Cir. 1990)).

Here, Plaintiff argues that he is entitled to an award of attorneys' fees in the amount of $6,000. [Doc. 9 at 13]. Specifically, Plaintiff asserts that his attorneys incurred 20.2 hours in this case. [Doc. 10-1 at 9]. Of those hours, Plaintiff claims that attorney Corey Stanton incurred 19.5 hours, 15.5 hours

8

Case 1:22-cv-00228-MR-WCM Document 11 Filed 09/06/23 Page 8 of 20

at $300 per hour and four hours at $250 per hour.[1] [See Doc. 10-1]. The remaining 0.7 hours was incurred by attorney Philip Gibbons at a rate of $500 per hour.

The Court will now undertake to weigh the factors enumerated above to determine whether the fees requested by Plaintiff are reasonable.

### 1. Time and Labor Expended

Plaintiff's attorneys have incurred 20.2 hours in this case. [Doc. 10-1]. That time was expended investigating the facts of the case and the circumstances surrounding Defendant, conferring with Plaintiff, effectuating service on Defendant, seeking entry of default against Defendant, and seeking default judgment against Defendant. [Doc. 9 at 14]. The Court has carefully reviewed the billing records submitted by Plaintiff and finds that the time expended by his attorneys attempting service of process on the Defendant, seeking an entry of default, and securing a default judgment against Defendant was necessary and reasonable. As such, this factor weighs in favor of the reasonableness of the requested fee.

---

[1] Attorney Gibbons provides in his declaration that he elevated attorney Stanton's hourly rate from $250 to $300 per hour in October 2022. [Doc. 9-2 at 9]. Gibbons asserts that he increased Stanton's rate to reflect the market rate of similarly experienced attorneys. [Id.].

### 2. Novelty and Difficulty of the Questions Raised

This case required Plaintiff to establish entitlement to a default judgment on two separate claims, under two separate statutes. The questions presented, as Plaintiff admits, however, are straightforward, particularly for attorneys who specialize in employment law. [See Doc. 9-2; Doc. 10]. Accordingly, this factor weighs neither in favor nor against the reasonableness of the requested fee award.

### 3. Skill Required to Properly Perform the Legal Services

As noted previously, the questions presented in this matter are straightforward and should have posed little challenge to experienced employment law attorneys. However, pursuing a default judgment and documenting each attempted service on Defendant requires some attention to detail and at least minimal skill. Therefore, this factor weighs neither in favor nor against the reasonableness of the requested fee award.

### 4. Opportunity Costs of Litigation

Plaintiff's attorneys contend that the demands of this litigation, particularly their time spent pursuing a default judgment, prevented them from devoting time to other matters. [Doc. 9 at 15]. Under the Fourth Circuit's factors, an "attorneys' opportunity costs include the higher rates they would have otherwise charged in other cases and projects." Irwin Indus.

10

Case 1:22-cv-00228-MR-WCM   Document 11   Filed 09/06/23   Page 10 of 20

Tool Co. v. Worthington Cylinders Wis., LLC, 747 F. Supp. 2d 568, 596 (W.D.N.C. 2010). As a result, this factor weighs in favor of the reasonableness of the requested award.

### 5. Customary Fee for Similar Work

Plaintiff requests rates of $250 and $300 per hour for attorney Corey Stanton and $500 per hour for attorney Philip Gibbons. [Doc. 9 at 15–17]. In support of its request, Plaintiff submits declarations from several employment-law attorneys who practice in this district, [Docs. 10-2–10-14], tending to establish that the rates for senior employment-law attorneys are between $375 and $800 per hour, while the rates for associate employment-law attorneys are between $200 and $350 per hour. [See id.]

As the Fourth Circuit has recognized:

> Determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (citing Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)).

After reviewing the Plaintiff's attorneys' declarations [Doc. 9-2, Doc. 10], as well as the declarations and affidavits submitted by Plaintiff [Docs. 10-2–10-14], the Court finds that the fees requested are within the prevailing local market rate in this District for similar employment law litigation. Thus, this factor weighs in favor of the reasonableness of the fee requested.

### 6. Attorneys' Expectation at the Outset of Litigation

Plaintiff's attorneys initially took this case on a contingent fee basis and advanced the Plaintiff litigation related expenses, despite the possibility that Plaintiff might not have recovered from Defendant. [Doc. 9 at 17–18]. Therefore, this factor weighs in favor of the reasonableness of the Plaintiff's requested fee.

### 7. Time Limitations

Plaintiff makes no argument regarding urgency or time limitations. As a result, this factor weighs neither in favor nor against the reasonableness of the fee requested.

### 8. Experience, Reputation, and Ability of Counsel

The declarations submitted by Plaintiff's attorneys Philip Gibbons and Corey Stanton make clear that they both focus their career on the practice

of employment litigation. [Doc. 9-2, Doc. 10]. Their declarations outline in detail their extensive experience in the field. As such, this factor weighs in favor of the reasonableness of the requested fee.

### 9. Undesirability of the Case in the Legal Community

There is no indication that this case is particularly undesirable for employment-law attorneys, particularly as it involves straightforward claims under the FLSA and the NCWHA. However, there is risk involved in taking cases on a contingent basis that are likely to yield only modest recoveries. Thus, this factor weighs neither in favor nor against the reasonableness of the requested fee.

### 10. Relationship Between the Attorneys and the Client

Prior to this litigation Plaintiff's attorneys had no professional relationship with Plaintiff, nor do they anticipate an ongoing relationship with Plaintiff. As a result, this factor weighs neither in favor nor against the reasonableness of the requested fee award.

### 11. Fee Awards in Similar Cases

Plaintiff requests $6,000 in attorneys' fees. While he is correct that this Court, and others in this Circuit, have routinely granted similar, or even much larger, awards, Plaintiff's requested fees are more than double his recovery in this action. On its face, this might seem to weigh against the

13

reasonableness of Plaintiff's request. However, in FLSA cases "[c]ourts have rejected the notion that fee awards should be proportionally tied to the plaintiff's recovery." Vasquez v. Ranieri Cheese Corp., No. 07-CV-464 (ENV)(VVP), 2011 WL 554695, at *4 (E.D.N.Y. Feb. 7, 2011) (quoting Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009)); Fisher v. SD Prot. Inc., 948 F.3d 593, 603 (2d Cir. 2020) (noting that if courts imposed proportional limits on attorneys' fees in FLSA cases, "no rational attorney would take on these cases unless she were doing so essentially pro bono."). Indeed, at least one court in this Circuit has found that fees as much as five times a plaintiff's ultimate recovery under the FLSA and a state wage and hour act were reasonably incurred. See generally Spencer v. Cent. Servs., LLC, Civ No. CCB-10-03469, 2012 WL 142978 (D. Md. Jan. 13, 2012). Therefore, this factor weighs neither in favor nor against the reasonableness of the requested fee award.

### 12. Amount Involved and Results Obtained

As noted by the Supreme Court, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Here, the Court awards Plaintiff $2,160 under the FLSA and $720 under the NCWHA. Because Plaintiff

14

seeks a default judgment, these amounts represent the Plaintiff's greatest possible recovery under those statutes, as these are the amounts demanded by Plaintiff's Complaint [Doc. 1]. See J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012) (citing Fed. R. Civ. P. 54(c)). As such, this factor weighs in favor of the reasonableness of the requested fee.

After having considered each of the factors, the Court concludes that the balance weighs in favor of finding Plaintiff's requested attorneys' fees to be reasonable. As such, the Court will award Plaintiff $6,000 in attorneys' fees.

### D. Prejudgment Interest

Plaintiff further argues that prejudgment interest should be awarded at the "highest rates allowed by law[.]" [Doc. 1 at 5].

Starting with Plaintiff's FLSA claim, federal law controls the issuance of prejudgment interest. See Fox v. Fox, 167 F.3d 880, 884 (4th Cir. 1999) (citing City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 194 (1995)). "In Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 715–16 (1945), the United States Supreme Court held that the FLSA's liquidated damages were provided in lieu of calculating the costs of delay—which is the function of prejudgment interest and liquidated damages." Hamilton v. 1st Source Bank, 895 F.2d 159, 166 (4th Cir. 1990). Because Plaintiff is

herein recovering liquidated damages under the FLSA, he cannot also recover prejudgment interest for his damages under the FLSA.

Turning to Plaintiff's claim under the NCWHA, "[t]he Fourth Circuit has recognized that other circuits have held that courts must apply the law of the forum to questions involving prejudgment interest in diversity cases." Driskell v. Summit Cont. Grp., Inc., 325 F. Supp. 3d 665, 679–80 (W.D.N.C. 2018), appeal dismissed, No. 18-1855, 2018 WL 7140958 (4th Cir. Nov. 6, 2018) (citing United States v. Dollar Rent A Car Sys., Inc., 712 F.2d 938, 940 (4th Cir. 1983)).

In North Carolina, the legislature has enacted a statute governing prejudgment interest that provides "[i]n an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." N.C. Gen. Stat. § 24-5(b). The Fourth Circuit has construed N.C. Gen. Stat. § 24-5(b) as a mandatory provision. Castles Auto & Truck Servs., Inc. v. Exxon Corp., 16 Fed. App'x 163, 168 (4th Cir. 2001). Accordingly, the Court will award prejudgment interest on the Plaintiff's damages for unpaid wages under NCWHA at the state of North Carolina's legal interest rate of eight percent (8%) for the period from

16

October 25, 2022, to the date of entry of this Order. N.C. Gen. Stat. § 24-1.

Additionally, Plaintiff may recover prejudgment interest on his liquidated damages under the NCWHA. Section 95-25.22(a) of the NCWHA states that a violating employer will be liable for the "unpaid minimum wages, their unpaid overtime compensation, or their unpaid amounts due . . . plus interest at the legal rate set forth in G.S. 24-1, from the date each amount first came due." Section 95-25.22(b), the liquidated damages provision of the NCWHA, states that "in addition to the amounts awarded pursuant to subsection (a) of this section, the court shall award liquidated damages in an amount equal to the amount found to be due as provided in subsection (a) of this section."

Because the NCWHA provides that the damages in subsection (a) include interest, the liquidated damages under subsection (b) also include interest. Accordingly, this Court will award prejudgment interest on the Plaintiff's liquidated damages under the NCWHA at the state of North Carolina's legal interest rate of eight percent (8%) for the period from October 25, 2022, to the date of entry of this Order.

### E. Post-Judgment Interest

As the prevailing party, Plaintiff is also entitled to an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a), which allows post-judgment interest "on any money judgment in a civil case recovered in a district court." Post-judgment interest is to be calculated on the full amount of the award including prejudgment interest. Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1029 (4th Cir. 1993) (en banc).

### F. Costs

Plaintiff also seeks an award of $527 in costs. Of this amount, $402 represents the filing fee in this matter and the remaining $125 represents a flat fee charged to the Plaintiff for "administrative expenses," including "postage, telephone and data charges, subscription-based computerized research of court decisions and dockets, and party background checks." [See Doc. 10-1 at 4; Doc. 9 at 21].

The FLSA allows successful plaintiffs to recover costs including filing fees. 28 U.S.C. § 1920; Andrews v. Am.'s Living Ctrs., LLC, No. 1:10-CV-00257-MR-DLH, 2017 WL 3470939, at *11 (W.D.N.C. Aug. 11, 2017). Additionally, courts in this Circuit have routinely awarded successful plaintiffs "reasonable litigation-related expenses as part of their overall

18

award." <u>Singleton v. Domino's Pizza, LLC</u>, 976 F. Supp. 2d 665, 689 (D. Md. 2013).

While the Court will allow Plaintiff the recovery of his filing fee, the remainder of the requested costs will be denied. These costs, which are not itemized, include some costs which are clearly prohibited under Local Civil Rule 54.1(g), such as computer-aided research fees, and costs which would more appropriately be categorized as overhead expenses, such as telephone charges. <u>See</u> <u>Selee Corp. v. McDanel Adv. Ceramic Techs.</u>, No. 1:15-cv-00129-MR, 2017 WL 3122565, at *7 (W.D.N.C. July 21, 2017) (denying award of costs related to overhead). Accordingly, the Court awards Plaintiff $402 in costs.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Entry of Default Judgment [Doc. 8] is **GRANTED**, and Plaintiff shall have and recover against Defendant a total of $2,880 in damages, $6,000 in attorney fees, $402 in costs, and pre- and post-judgment interest as set forth in this Order.

The Clerk is respectfully directed to terminate this action.

**IT IS SO ORDERED.**

Signed: September 5, 2023

Martin Reidinger
Chief United States District Judge